**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADOLFO JESUS VALLE VILLALOBOS, | No. 21-70035 |
| Petitioner, | Agency No. A095-008-602 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Adolfo Jesus Valle Villalobos, a native and citizen of El Salvador, seeks

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of a decision of an immigration judge ("IJ") denying his applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's and the BIA's determination that Valle Villalobos did not carry his burden of establishing eligibility for withholding of removal. The BIA reasonably concluded that Valle Villalobos's proposed particular social group ("PSG") of "El Salvadorans who are victims of gang violence" is not cognizable, because it is not sufficiently particular or socially distinct. We have previously upheld determinations that similarly defined groups were not cognizable PSGs. *See, e.g.*, *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (upholding the BIA's determination that the proposed PSG of "minor Christian males who oppose gang membership" was not cognizable). Substantial evidence also supports the BIA's conclusion that Valle Villalobos's proposed PSG of "El Salvadorans who return to El Salvador from the United States and are targeted by gang members because they are perceived to be wealthy" lacks sufficient particularity or social distinction. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (upholding the agency's determination that the

2

proposed PSG of "imputed wealthy Americans" was not cognizable).  Valle Villalobos did not present evidence that either proposed PSG has clear boundaries or is perceived as distinct in Salvadoran society.  *See Reyes v. Lynch*, 842 F.3d 1125, 1137–38 (9th Cir. 2016).

Nor did the BIA err in concluding that even if Valle Villalobos's proposed PSG of "family members of those targeted by gangs" was cognizable, Valle Villalobos had not shown that a reason for his feared future persecution would be his membership in that group.  Valle Villalobos did not provide evidence that his nephew was killed due to his membership in the proposed PSG rather than for financial reasons, and "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."  *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).[1]

Substantial evidence also supports the agency's denial of Valle Villalobos's application for CAT relief.  Valle Villalobos failed to present any evidence of past torture and did not present any evidence that he would be subject to a

---

[1] To the extent Valle Villalobos attempts to argue that there is a "pattern or practice" of persecution against a group of persons similarly situated to him on account of a protected ground, *see* 8 C.F.R. § 1208.13(b)(2)(iii)(A), he failed to exhaust this argument, and we therefore lack jurisdiction to consider it, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

3

particularized risk of torture by or with the acquiescence of any El Salvadoran official upon his return to El Salvador.

**PETITION DENIED.**